**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-13664

_____

IRELA LABRADA-HECHAVARRIA,
GABRIELA PEREZ-LABRADA,

                              *Petitioners,*

versus

U.S. ATTORNEY GENERAL,

                              *Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-284-514

_____

_____

No. 24-10645

_____

2                    Opinion of the Court                    24-10645

SAUL ENRIQUE CASTILLO-CASANOVA,
YANEXI ARENCIBIA-BORGES,
ALESSANDRO CASTILLO-ARENCIBIA,

                                                          *Petitioners,*

versus

U.S. ATTORNEY GENERAL,

                                                          *Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-371-590
_____

Before JORDAN and MARCUS, Circuit Judges, and JONES,* District Judge.

PER CURIAM:

  These immigration cases arise out of removal proceedings against two familial groups of petitioners—Irela Labrada-Hechavarria and her daughter, Gabriela Perez-Labrada (the first family group), and Saul Enrique Castillo-Casanova, Yanexi Arencibia-Borges, and Alesandro Castillo-Arencibia (the second family group). All are Cuban nationals who entered the United States without documentation. After their entry, they were briefly detained by the Department of Homeland Security before being released.

---

* The Honorable Steve C. Jones, United States District Judge for the Northern District of Georgia, sitting by designation.

24-10645               Opinion of the Court                    3

# I

The questions in these cases revolve around the statutory bases for the petitioners' detention and subsequent release. We summarize the procedural history for each group of petitioners below.

**Irela Labrada-Hechavarria and Gabriela Perez-Labrada.** An immigration judge ordered these petitioners removed. *See* A.R. 50–51. As relevant here, the IJ ruled that the petitioners were not eligible for adjustment of status under the Cuban Adjustment Act, Pub. L. No. 89-732, 80 Stat. 1161 (Nov. 2, 1966), because release on their own recognizance did not constitute a grant of parole that would permit such adjustment. *See* A.R. 45. The Board of Immigration Appeals, in a single-judge order, dismissed the petitioners' appeal. *See* A.R. 502. The BIA concluded that the petitioners had been detained by the government pursuant to 8 U.S.C. § 1226(a) and had been released on their own recognizance. Because they had not been inspected, admitted, or granted parole, they were not eligible for adjustment of status under the CAA. *See* A.R. 502-03 (relying on *Matter of Cabrera-Fernandez*, 28 I. & N. Dec. 747, 749-50 (BIA 2023)).

**Saul Enrique Castillo-Casanova, Yanexi Arencibia-Borges, and Alesandro Castillo-Arencibia.** An immigration judge ordered these petitioners removed. *See* A.R. 62–64. As relevant here, the IJ ruled that the petitioners were not eligible for adjustment of status under the CAA because they had not been admitted and release on their own recognizance did not constitute a grant of parole

that would permit such adjustment. *See* A.R. 96–97. The BIA dismissed the petitioners' appeal, ruling that under *Matter of Cabrera-Hernandez* the petitioners' release on their own recognizance did not constitute a grant of parole. *See* A.R. 5.

## II

The petitioners now seek review of the BIA's decisions in their respective cases. In their initial briefs, they argued that they had been detained pursuant to 8 U.S.C. § 1225(a) as applicants for admission and then granted parole. As a result, they say, they are eligible for adjustment of status under the CAA. *See* Petitioners' Initial Br. in Labrada-Hechavaria at 12–41; Petitioners' Initial Br. in Castillo-Casanova at 12–41. The government, in its answer briefs, argued (1) that we lack jurisdiction to review the DHS' discretionary § 1226 determination under 8 U.S.C. § 1252(g), and (2) alternatively on the merits that the BIA correctly determined that the petitioners were detained pursuant to § 1226(a). *See* Government's Answer Br. in Labrada-Hechavaria at 15–46; Government's Answer Br. in Castillo-Casanova at 16–48.

In July of 2025, before we heard oral argument, the government filed a notice of supplemental authority. *See, e.g.,* D.E. 31. In that notice, the government reversed its position and asserted that the petitioners had been detained pursuant to § 1225(a), which in its view is the only provision that is possibly applicable in circumstances like these. Despite its about-face on the legal issue before us, the government still argued that the petitions should be denied because the petitioners simply benefited from a mistake on the part

of the DHS and should not benefit from that error now. *See id.* at 2. The petitioners, on the other hand, maintained that they were detained pursuant to § 1225(a) and are therefore eligible for adjustment of status under the CAA. *See, e.g.,* D.E. 32 at 2.

## III

After reviewing the record, and with the benefit of oral argument, we conclude that we have jurisdiction, vacate the BIA's orders in the two cases, and remand for further proceedings.

We have jurisdiction. Although 8 U.S.C. § 1252(g) is a jurisdiction-stripping provision, we continue to have jurisdiction to address the main legal question presented here—whether the petitioners were detained pursuant to § 1225(a) or § 1226(a). We have held that § 1252(g) is construed "narrowly" and that we "apply it to preclude '[e]fforts to challenge the refusal to exercise [favorable] discretion on behalf of specific aliens,' as well as those claims that would lead to 'the deconstruction, fragmentation, and hence prolongation of removal proceedings.'" *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1205 (11th Cir. 2016) (citations omitted). Neither of those two situations are presented here by the § 1225(a)/§ 1226(a) question.

For a number of reasons, we believe the best resolution is to vacate the BIA's decisions that the petitioners in these two cases were detained pursuant to § 1226(a) and therefore are ineligible for adjustment of status under the CAA. First, the government has changed its position as to which statute governed the petitioners' detention, and it now agrees with the petitioners that they were

| 6 | Opinion of the Court | 24-10645 |
|---|---|---|

detained under § 1225(a).  Second, the BIA, following its ruling in these cases, has issued precedential decisions on the scope of § 1225(a), and those decisions may inform its disposition of the petitioners' argument that they are eligible for adjustment of status. *See, e.g., Matter of Q. Li*, 29 I. & N. Dec. 66, 67–68 (BIA May 15, 2025); *Matter of Hurtado*, 29 I. & N. Dec. 216, 225 (BIA Sept. 5, 2025).  Third, the federal appellate courts are divided as to the applicability of §§ 1225(a) and 1226(a). *Compare, e.g., Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, *4–9 (5th Cir. Feb. 6, 2026) (2-1 decision), *with, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.,* 161 F.4th 1048, 1061–62 (7th Cir. 2025) (preliminary injunction appeal).  Fourth, the majority of district courts to have addressed this issue have rejected the government's new position—that all noncitizens who came into the United States illegally but are living in the United States must now be detained under § 1225(a) until their removal proceedings are completed. *See Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, *4 (S.D.N.Y. Nov. 26, 2025) (noting that the government has been challenged in at least 362 similar cases in federal district court and that 350 of those cases, decided by over 160 judges, have resolved this same issue against the government).

**PETITIONS GRANTED AND CASES REMANDED TO THE BIA FOR FURTHER PROCEEDINGS.**